■ In the Matter of HUNTS POINT TRIANGLE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [878 NYS2d 887]—

Determination of respondent, dated July 2, 2008, which revoked petitioner's liquor license and directed forfeiture of its $1,000 bond, unanimously annulled, on the law, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered on or about July 14, 2008), granted.

Petitioner was charged by the State Liquor Authority with allowing its premises, on two different occasions, to become disorderly, by suffering or permitting females "to solicit male patrons therein for immoral purposes in violation of subdivision 6 section 106 of the Alcoholic Beverage Control Law." After a hearing, the charges were sustained, and petitioner's license revoked. We conclude that the Authority's determination is not supported by substantial evidence.

The Administrative Law Judge found substantial evidence that the petitioner "suffered or permitted the premises to become disorderly by failing to properly supervise the premises allowing solicitation of male patrons by its female dancers" in violation of section 106 (6) of the Alcoholic Beverage Control Law. He also found that petitioner had violated section 106 (6) of the Alcoholic Beverage Control Law by failing to properly and meaningfully supervise the premises and stop solicitation from occurring therein, and that open and notorious sexual activity occurred at the premises, such that petitioner knew or should have known of its occurrence.

Contrary to the Authority's determination, the evidence adduced at the hearing does not support the conclusion that the management allowed the solicitation of sex, or even that the dancers at the premises solicited the undercover officers or any other customers.

A fair reading of the record makes it evident that the solicitation was instigated by the officers. To the extent that the State Liquor Authority may have shown other improper conduct oc-

curred at the premises, petitioner was not put on notice of these charges.

Thus, it cannot be said that the evidence supports the conclusion that solicitation for prostitution, with the knowledge of management, occurred at the premises, and the determination must be annulled. Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.